GARY M. RESTAINO
United States Attorney
District of Arizona
RYAN POWELL
Assistant U.S. Attorney
Arizona State Bar No. 025695
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Ryan.Powell@usdoj.gov
Attorneys for Plaintiff

☐ FILED    ☒ LODGED

**APR 14 2025**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

☒ FILED    ☐ LODGED

**Jul 28 2025**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>Isiah Adam Smith,<br><br>　　　　　　　Defendant. | CR 23-08104-002-PCT-MTL<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, ISIAH ADAM SMITH, hereby agree to dispose of this matter on the following terms and conditions:

1.　**PLEA**

The defendant will plead guilty to the lesser-included-offense of Count 1 of the Indictment, Second Degree Murder, in violation of Title 18, United States Code (U.S.C.), Sections 2, 1153 and 1111, a Class A felony offense.

2.　**MAXIMUM PENALTIES**

1.　A violation of 18 U.S.C. §§ 2, 1153, and 1111 is punishable by a maximum fine of $250,000, a maximum term of imprisonment of life imprisonment, or both, and a maximum term of supervised release of 5 years.

2.　According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)     make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)     pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)     serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)     pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

3.     The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

**3.     AGREEMENTS REGARDING SENTENCING**

1.     Stipulation. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's sentence shall not exceed the high end of the sentencing range as calculated under U.S.S.G. § 1B1.1(a). This stipulated sentencing cap will not change based on departures considered under U.S.S.G. § 1B1.1(b). Nothing in this agreement shall preclude defendant from moving for a downward departure, variance, or sentence below the cap, or the Court from imposing a sentence below the cap.

2.     Restitution. Pursuant to 18 U.S.C. § 3663, 3663A and/or 2248, the defendant specifically agrees to pay full restitution to all victims in an amount to be determined by the court, but in no event, more than $1,000,000.00 per victim. "Victims" include persons or entities directly or proximately harmed by defendant's "relevant conduct" including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. §1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§

1    2259, 3663, 3663(A) or 2248.  Pursuant to 18 U.S.C. §§ 3663 and 3664(j)(1), "victims"
2    also include persons or entities (whether private or government: state, federal or tribal) that
3    have paid or costs related to defendant's conduct, including insurance providers and health
4    care providers (including those such as Medicaid, Medicare and AHCCCS).   Even if the
5    victim did not suffer physical injury, the defendant expressly agrees to pay restitution for
6    expenditures and future expenses related to treatment for mental or emotional trauma
7    suffered by the victims.  Such expenditures shall include, but are not limited to: mental
8    health treatment and counseling, in-patient treatment, and traditional Native American
9    ceremonies treatment.  The defendant understands that such restitution will be included in
10   the Court's Order of Judgment and that an unanticipated restitution amount will not serve
11   as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

12          3.      Assets and Financial Responsibility.   The defendant shall make a full
13   accounting of all assets in which the defendant has any legal or equitable interest.  The
14   defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or
15   transfer any such assets or property before sentencing, without the prior approval of the
16   United States (provided, however, that no prior approval will be required for routine, day-
17   to-day expenditures).  The defendant also expressly authorizes the United States Attorney's
18   Office to immediately obtain a credit report as to the defendant in order to evaluate the
19   defendant's ability to satisfy any financial obligation imposed by the Court.  The defendant
20   also shall make full disclosure of all current and projected assets to the U.S. Probation
21   Office immediately and prior to the termination of the defendant's supervised release or
22   probation, such disclosures to be shared with the U.S. Attorney's Office, including the
23   Financial Litigation Unit, for any purpose.  Finally, the defendant shall participate in the
24   Inmate Financial Responsibility Program to fulfill all financial obligations due and owing
25   under this agreement and the law.

26          If the defendant is a member of a Native American tribe that provides "per capita"
27   payments to its members, the defendant agrees that any such "per capita" payment shall be
28   paid over to the Clerk of the Court and applied to the defendant's restitution obligation

1   until restitution to all victims is paid in full.

2          4.      **Acceptance of Responsibility.**  If the defendant makes full and complete

3   disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's

4   commission of the offense, and if the defendant demonstrates an acceptance of

5   responsibility for this offense up to and including the time of sentencing, the United States

6   will recommend a two-level reduction in the applicable Sentencing Guidelines offense

7   level pursuant to U.S.S.G. § 3E1.1(a).  If the defendant has an offense level of 16 or more,

8   the United States will move for an additional one-level reduction in the applicable

9   Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

10         5.      **Non-Binding Recommendations.**   The defendant understands that

11  recommendations are not binding on the Court.  The defendant further understands that the

12  defendant will not be permitted to withdraw the guilty plea if the Court does not follow a

13  recommendation.

14  **4.     AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

15         1.      Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of

16  sentencing, shall dismiss Counts 2-5 of the Indictment.

17         2.      This agreement does not, in any manner, restrict the actions of the United

18  States in any other district or bind any other United States Attorney's Office.

19  **5.     COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

20         1.      If the Court, after reviewing this plea agreement, concludes that any

21  provision contained herein is inappropriate, it may reject the plea agreement and give the

22  defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.

23  11(c)(5).

24         2.      If the defendant's guilty plea or plea agreement is rejected, withdrawn,

25  vacated, or reversed at any time, this agreement shall be null and void, the United States

26  shall be free to prosecute the defendant for all crimes of which it then has knowledge and

27  any charges that have been dismissed because of this plea agreement shall automatically

28  be reinstated.  In such event, the defendant waives any and all objections, motions, and

- 4 -

1    defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

2    restrictions in bringing later charges or proceedings.  The defendant understands that any

3    statements made at the time of the defendant's change of plea or sentencing may be used

4    against the defendant in any subsequent hearing, trial, or proceeding subject to the

5    limitations of Fed. R. Evid. 410.

6    **6.    WAIVER OF DEFENSES AND APPEAL RIGHTS**

7        The defendant waives (1) any and all motions, defenses, probable cause

8    determinations, and objections that the defendant could assert to the indictment or

9    information; and (2) any right to file an appeal, any collateral attack, and any other writ or

10   motion that challenges the conviction, an order of restitution or forfeiture, the entry of

11   judgment against the defendant, or any aspect of the defendant's sentence, including the

12   manner in which the sentence is determined, including but not limited to any appeals under

13   18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255

14   (habeas petitions), and any right to file a motion for modification of sentence, including

15   under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under

16   18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion).  This waiver shall

17   result in the dismissal of any appeal, collateral attack, or other motion the defendant might

18   file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

19   This waiver shall not be construed to bar an otherwise-preserved claim of ineffective

20   assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section

21   II.B of Ariz. Ethics Op. 15-01 (2015)).

22   **7.    DISCLOSURE OF INFORMATION**

23       1.    The United States retains the unrestricted right to provide information and

24   make any and all statements it deems appropriate to the U.S. Probation Office and to the

25   Court in connection with the case.

26       2.    Any information, statements, documents, and evidence that the defendant

27   provides to the United States pursuant to this agreement may be used against the defendant

28   at any time.

- 5 -

3.    The defendant shall cooperate fully with the U.S. Probation Office.  Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

        (1)    criminal convictions, history of drug abuse, and mental illness; and

        (2)    financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

1.    Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.  Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule).  If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**9.    ELEMENTS**

**Second Degree Murder**

On or about June 11, 2021, in the District of Arizona:

1.    The defendant or another person unlawfully killed S.W.;

2.    The defendant or another person killed S.W. with malice aforethought;

3.    The killing occurred on the Navajo Indian Reservation, Indian Country; and

4.    The defendant was an Indian at the time of the crime.  Specifically, at the time of the crime, the defendant had some quantum of Indian blood, such as being a blood relative to a parent, grandparent, or great-grandparent, who is clearly identified as an Indian, and the defendant was a member of or affiliated with a

1    federally recognized tribe.

2    To kill with malice aforethought means to kill deliberately and intentionally or

3    recklessly with extreme disregard for human life.

4    **Aid and Abet**

5    A defendant may be found guilty of a crime, even if the defendant personally did

6    not commit the act or acts constituting the crime but aided and abetted in its commission.

7    To "aid and abet" means intentionally to help someone else commit a crime. To prove a

8    defendant guilty of a crime by aiding and abetting, the government must prove each of

9    the following beyond a reasonable doubt:

10    1.    Someone else committed the crime;

11    2.    The defendant aided, counseled, commanded, induced, or procured that

12    person with respect to at least one element of the crime;

13    3.    The defendant acted with the intent to facilitate the crime; and

14    4.    The defendant acted before the crime was completed.

15    The government is not required to prove precisely which defendant actually

16    committed the crime and which defendant aided and abetted.

17    **10.    FACTUAL BASIS**

18    1.    The defendant admits that the following facts are true and that if this matter

19    were to proceed to trial the United States could prove the following facts beyond a

20    reasonable doubt:

21    On or about June 11, 2021, in the District of Arizona, on the Navajo Nation Indian Reservation, Indian Country, the defendant and co-defendant Trevor Joe Begay killed the victim, S.W., with malice aforethought. The defendant and Begay had communicated with S.W. on social media and agreed to pick her up in Begay's truck. On the way, they discovered that S.W. was transgender.

25    When they picked S.W. up, they took her phone and drove her into the desert. They pulled S.W. out of the truck, and Begay beat her with his hands, feet, and a metal jack handle. The defendant assisted Begay by holding S.W. to the ground and hitting S.W. while Begay was beating her. When S.W. tried to escape by running into the desert, the defendant chased

- 7 -

her down and physically stopped her.

The defendant helped Begay to place S.W. into the back of the truck. They drove her to a second location in the desert and left her there, where she was discovered dead later that morning. The defendant helped Begay burn S.W.'s phone, along with their own bloody clothes, at a third location in the desert. An autopsy showed that S.W. died of multiple blunt force injuries to the head, with extensive injuries to her scalp and face.

The defendant was an Indian at the time of the crime. Specifically, he had some quantum of Indian blood and was a member of and affiliated with a federally recognized tribe, the Navajo Nation Indian Tribe.

2.      The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

### APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range

of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

_____
Date   8|14|25

_____
ISIAH ADAM SMITH
Defendant

- 9 -

**APPROVAL OF DEFENSE COUNSEL**

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

4/14/2025
Date

EUGENE MARQUEZ
Attorney for the Defendant

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

RYAN POWELL
2025.02.14 08:52:55 -07'00'

Date

RYAN POWELL
Assistant U.S. Attorney

**ACCEPTANCE BY THE COURT**

July 28, 2025
Date

HONORABLE MICHAEL T. LIBURDI
United States District Judge

- 10 -